I submitted after my brief to 28 J letters and I'd like to talk about them first because I I think the PSR and the sentencing transcripts and everything your honors are quite familiar with the horrible pictures and the conduct so my only objection with the sentence and this is a sentence appeal is the the length of the sentence number one but also the fact that an obstruction of justice was imposed two levels for that and the case that I submitted in a 28 J on this court was United States v. Alcantara Castillo and that would be 12-50477 decided on June 11th of this year. In that case the defendant was a child said is a lie which is pretty much what Mr. Carroll said in his testimony of indefense is yeah maybe it's on there but it wasn't me I didn't do it. Do you agree we're here under plain error review? Yes. Was Alcantara Castillo under re-entry case if I have the case right? Yeah it was a re-entry case and I was on the losing side of that so I remember it very well. In that case the issue was whether the United States attorney could vouch for the credibility of a witness and the defendant saying no they're all lying which if we turn that around it's like I'm telling the truth and they're not so which is basically Carroll in reverse. I think I said that in the 28 J to flip. The second case was on the first circuit and that one was a child pornography case and his defense and he testified was somebody else put it on my computer not me but he did not get an obstruction of justice enhancement. Was that under plain error review? Again my well it just seems like that's a significant distinction if it's not. Well then I would submit to your honors that even if this if under plain error review in this case the obstruction of justice is an abuse of discretion it depends on the fairness of the thing because Mr. Carroll has testified that somebody else put child pornography on his computer. What else could he testify to besides the defense? I'm trying to figure out how the two levels that you're really arguing for make any difference in this case. His base offense level was way above the high end of any offense level. It was a 49 and so even if we came down two levels. Well he's 43 actually. He would come down to 47 but he's going to be at 47 but everything then would have to come down to 43 so I'm just trying to figure out how those two levels would make a difference. Well sometimes your honor one it's not up to me to say no I can't appeal that. It would either have been a Neanderthals or this and I did okay. We understand. You want to say it's in time for rebuttal? Well I have just a couple more things. Then there was just a recent case United States v. Hernandez just recently and it has to do with the reasonableness of the sentence because whether a judge cannot base a higher sentence on the fact that somebody can't be rehabilitated and in this case it seems like there was quite a bit of discourse from the judge that Mr. Carroll I saw page 59 in the excerpt of the record from the sentencing hearing that he says no one believed you. Rehabilitation for someone like you given your history is questionable and Hernandez the defendant lost his appeal claiming that the judge ruled that he was unable to be rehabilitated. I'm excited to a case out of second circuit Cassie and Cassie is more similar to Carroll than Hernandez in that part of the inability to be rehabilitated is because of A the amount of child pornography photographs and the fact that he's a narcissist. Well I'm not sure I understand your point. He's 60 years old and he has a history of child abuse and he's got a massive amount of pictures on his computer. Is that right? And the judge comments that given your history it's not likely that you're going to be rehabilitated and the problem with that is that there was no proof that Mr. Carroll had been through some intensive because none of those offenses were ever reported or charged or convicted. He had never been counseled before on it so it would be impossible to say he would be able to be rehabilitated. Anyway I did not file a 28-J on Hernandez but I refer to it. Alright thank you counsel. Good morning your honors. My name is Audrey Wrench and I'm an assistant United States attorney here in Anchorage. I was involved in this case early on but I did not do the trial or write the appeal. I'll do my best to present to you. And I think the first thing I want to tell you is that there were plenty of good reasons for Judge Beislein to give Michael Carroll a 26-year sentence. His offense conduct exploiting children was egregious and long term in terms of child pornography and for a period of 40 years he was engaged in hands-on generational abuse to siblings. Were there any charges ever brought based on those charges? Was there any evidence of that prior sexual abuse of the relatives admitted during the course of the trial? No we chose not to do it just to keep the record clean and quite honestly we didn't know the extent of it before the trial. We had some reports of it but not a complete understanding of the generational abuse. To what extent did it figure into the calculation of the sentencing range? There was an extra five levels that were adjusted upward because of the history of the sexual abuse so that did increase the calculation by five levels. And he got a below range sentence so how does all this come out? He got way below the sentencing guideline range. In fact the math I think comes out to a 63% reduction from the sentencing guideline range. He was in a life sentence category which the sentencing guideline ranges for the maximum sentences for these three crimes he was convicted of a total of 70 years. So that was the life sentence that the guideline said should be imposed. The United States recommended a 40 year sentence which was well below and it was in keeping with his age, 60, and with our experience locally with sentencing with the judges and especially Judge Beisling who has a lot of experience both in state court and federal court and has seen a lot. He had actually elaborated in his sentencing comments about trying to be careful about sentencing similarly situated people, sentencing them in a similar way. His concern was that this guideline range and the recommendation of the government exceeded essentially those of two producers that he had sentenced and he felt really uncomfortable about that and gave it great weight. He was very careful in going through all of the details and coming up with it and he found that 40 years was too much and then came up with 36. One of the cases, Danny Harvey had been sentenced to 36 years. He was an offender who traveled here to Alaska to have sex with a five year old girl. In fact it was an undercover. He brought equipment along to photograph that and produce images of the sexual abuse that he intended and also had abused one of his daughters. That person received a 36 sentence which was affirmed on appeal in an unpublished decision. The specific issue that was raised regarding the obstruction of justice enhancement, would you agree that the district court did not make a finding of willfulness and materiality in imposing that enhancement? I would agree. He didn't address it. I think it's implicit in the record and I think if it had been raised he would have handled it in a jiffy. But even under plain error review, if our law is clear that those findings have to be made and those were not made, wouldn't that constitute plain error? Well, I'm not an expert on this but it's my understanding that there has to be a substantial effect on the defendant's rights and in this situation it didn't make a difference. Right, but before we get to that we have to find that there was an error. So would you agree that there is an error if the district court fails to make the materiality and willfulness finding? There is an error of law in that situation. I don't think I can agree with that because a Bialano case which says that you don't even have to address it, you can address it if you wish when something hasn't been raised, when the objection hasn't been raised. And if you choose you obviously have the discretion to do that and if you do then you use the plain errors. What about the recent case where Castro Ponce was referred to? It seems to say that the judge needs to address that. And I apologize I can't address that. So if you take us at our word that we have a recent case that says that the district court judge must address willfulness and materiality, would you agree that then that's an error of law if the district court judge failed to do that? I think the other pieces of the plain error standard require the substantial rights effect. If we were trying to decide whether or not the district court judge committed an error of law and if our case says that he must opine on the materiality and the willfulness and he didn't do that, would you agree that that would be an error of law if our case law is so provided? I don't want to step in it, judge. I'm just saying if you agree with us that that's what the case says. Based on this record, we're just trying to sort through whether or not I think there's arguments to be made that our law could support that. Your point of the case is to say maybe it only requires explicit findings if an objection is made. We're kind of trying to struggle with that. We're struggling, I think, a little bit with that because I think there's some cases that say both. But the most recent one that I've seen is Castro Ponce could be interpreted as saying that willful findings should be made, maybe even perhaps when no objection is made. So if there was no objection made, do you think there were findings based on this record? I'm uncomfortable second-guessing Judge Beislein when it wasn't raised. It just seems patently unfair that if there's an issue and it's not raised that the judge is supposed to find it. It wasn't talked about at all. But that's what plain error is all about, that error that's so clear that it doesn't have to be raised for the judge to comply with it. It seems counterintuitive, but our law says that if we decide a case after the fact that makes the judge's decision erroneous, it's plain error, even though we hadn't decided that case before the judge ruled. So that's what we're grappling with. And not having a familiarity with that case, assuming that it says what you say. Assuming it says what they say it says. Then you're kind of stuck on that point. So your fallback position, I take it, is that it didn't make any difference in this case. Yes, Your Honor. Tell us why. Because of the seriousness of his conduct, the offense level was at 49. It would have brought it back to 47. It's still another four levels to get to 43 for the life sentence. So in fact, the consideration that the judge gave to the obstruction wasn't for the sentence. It was for determining his rehabilitative capacity. The judge looked at his history and says, you don't even acknowledge that you committed these crimes. You don't acknowledge your history of abuse with your family. I have questions. I think it's words where I have questions whether or not you can be rehabilitated. But he did apply the enhancement, the obstruction. He did, absolutely. Anything else before your time expires, Counsel? No, Your Honor. If you have any questions, I'm happy to try to answer them, but I would rely on Ms. Perrington's brief. Thank you, Counsel. Thank you very much. Britt Bottle. If you subtract two from 43, you get 41. And I think the guidelines are pretty clear that anything above 43, it goes down to a 43. That's what it says in the DSR. So if we subtract two, we get 41. But you wouldn't be subtracting it from 43. You would be subtracting it from 47. You would be subtracting the two from 47 to get to the total offense level, right? Would you not be subtracting it from the actual, what the PSR, what the judge relied on, on the PSR? Well, it's part of the enhancement calculation. It's part of the base offense level calculation. And so it goes in with all the other enhancements. It would have been 47. Right, so it would have been 47 instead of... That would have gone down to 43. Right. I'll accept that argument. Well, we're not arguing. We're just trying to sort out where we would start, where you would subtract two from 43 after you've arrived at the total offense level. Well, I'd like it to be two from 43. Oh, yeah. Keep that in mind. We've got your point. I'll draw your attention to paragraph 105 of the PSR. And this is where the harm from the failure of the district court to consider what he's supposed to consider will form material. And it's clear that the obstruction of justice was based on Mr. Carroll testifying that somebody else put the job on our parents' computer. First off, a defendant who testifies is not going to get up on the stand and say, I agree with everything they said, I'm guilty. Unless he was doing self-defense. Then, of course, he's going to say, I agree with everything the prosecution postulates, I'm guilty, but here's why. So, what we have is an obstruction of justice being imposed because the defendant testified. Because it's not based on he impeded an investigation. It's not even based on a case I read, and I can't remember the name of it, but I'm struggling to, that it was... And he was given an obstruction for that. So, a defendant who takes the stand in his own defense, at his own trial, and testifies to a different story should not receive an obstruction of justice for that. There is not only no willfulness in the fact that Mr. Carroll believed that. I mean, we can't argue about his beliefs. Is it material? Did it hurt the prosecution in their case in any way? The jury disbelieved him. I submit that the obstruction of justice cannot lie on this testimony at trial. Alright, thank you, counsel. Thank you to both counsel. Kesha's argument is submitted for decision by the court.
judges: Rawlinson, Murguila, Schroeder